*Solis v. Mott Optical Group, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-six.

Present:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges,*

---

ROBERTO SOLIS,

> *Plaintiff-Appellee,*

v.                                              25-2803

MOTT OPTICAL GROUP, LLC,

> *Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:         Morton S. Minsley, Esq., New York, NY.


FOR PLAINTIFF-APPELLEE:          Yaakov Saks, Stein Saks, PLLC, Hackensack, NJ.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant Mott Optical Group, LLC ("Mott Optical") files an interlocutory appeal from the district court's order denying its motion to dismiss Plaintiff Roberto Solis's complaint for lack of Article III standing and for failure to state a claim. Solis, who is blind, sued Mott Optical for injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, as well as injunctive relief and compensatory damages under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a)(1), alleging that a purchase he wished to make on Mott Optical's website was not accessible to him because he is blind. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "In the ADA context, we have held that a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (cleaned up). The third factor's "central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but

2

if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 75 (cleaned up).

Solis's allegations plausibly establish standing. Solis alleges that he visited Mott Optical's website "multiple times, most recently on September 27, 2024," because he "wanted to purchase . . . Eyevan 145 glasses frames." App'x at 14. He wished to purchase Eyevan 145 glasses frames because "he was looking for stylish and high-quality glasses frames that would combine durability with modern design," and he was attracted to Mott Optical's website because it "offers a discount on a first purchase." *Id.* But Solis "was unable to complete the purchase due the inaccessibility of [Mott Optical's] Website." *Id.*; *see also id.* at 20-21 (identifying "access barriers" on Mott Optical's website, including broken links, a home page that lacks navigation controls, a prerecorded video without transcription, and a check-out page with labels that do not indicate whether form fields are mandatory). He "intends to attempt to access the Website in the future to purchase products and services the Website offers, and more specifically the Eyevan 145 glasses frames, if remedied." *Id.* at 15. Collectively, these allegations "nudge [Solis's] claims" that he intends to return to Mott Optical's website "across the line from conceivable to plausible." *Calcano*, 36 F.4th at 76 (cleaned up). Unlike the complaints in *Calcano*, which did not plausibly allege standing, Solis provides details about his past visits to Mott Optical's website and he specifies what item he wishes to purchase and why. *Cf. id.* at 76-77.[12]

---

[1] Nothing in this order precludes the district court from ordering jurisdictional discovery about whether Solis suffered an injury-in-fact in connection with his attempt to purchase Eyevan 145 glasses and whether he has a genuine intent to return to Mott Optical's website. *See, e.g.*, *Fernandez v. Buffalo Jackson Trading Co., LLC*, 2025 WL 1101478, at *5 (S.D.N.Y. Apr. 14, 2025) (ordering such discovery based on a complaint substantially similar to Solis's).

[2] Mott Optical also argues that Solis failed to plead that its website is a place of public accommodation because Solis did not allege that Mott Optical's website is "connected to physical locations

<center>*   *   *</center>

We have considered Mott Optical's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

or brick and mortar stores." Appellant's Br. at 4. This argument is forfeited because it was not raised to the district court. *See Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 130 (2d Cir. 2012). In any event, we can take judicial notice of the fact that Mott Optical has seven physical stores in New York City. *See Store Locations*, Mott Optical Group, https://perma.cc/P84W-849U (last accessed June 16, 2026); Fed. R. Evid. 201(b) (courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

<center>4</center>